IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:21-cr-159 |
| JAMES DEON GREEN | |
| Defendant. | |

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 23, 2022, Report and Recommendation, (doc. 44), to which Defendant James Deon Green has objected, (doc. 45). For the following reasons, the defendant's objections are **OVERRULED**, and his Motion to Suppress is **DENIED**.  (Doc. 23.)

The defendant moves to suppress a gun found during a search incident to his arrest for obstruction.  (Doc. 40, p. 1.)  While Green agrees with the Report and Recommendation's description of the dispositive issue being "whether Green's immediate flight from a vehicle stopped by law enforcement supplied the officers with sufficient probable cause for his arrest," doc. 45 at 2, he objects to the Magistrate Judge's conclusion that it did.  (See generally doc. 45.) As the Report and Recommendation explains,

> Georgia courts, following Terry v. Ohio, 392 U.S. 1 (1968), have identified three types of police-citizen encounters: a verbal communication that involves no coercion or detention (a "first-tier encounter"), a brief stop or seizure that must be accompanied by a reasonable suspicion (a "second-tier encounter"), and an arrest. Johnson v. State, 869 S.E.2d 177, 181 (Ga. Ct. App. 2022).  Citizens retain the ability to walk away from a first-tier encounter, and exercise of that right does not constitute obstruction.  State v. Stafford, 653 S.E.2d 750, 755 (Ga. Ct. App. 2007). Flight from a second-tier encounter, however, provides probable cause for an arrest for obstruction.  Id.

(Doc. 44, pp. 6-7.)  The Magistrate Judge recommends denying the motion because Green was

detained at the time of the traffic stop, and therefore "unlawfully fled from a second-tier encounter in violation of Georgia's obstruction law." (Id., pp. 8-9.) The defendant argues that as a passenger, the traffic stop was only a first-tier encounter, and he was "free to end that encounter by running." (Doc. 45, p. 5.)

Green challenges the Magistrate Judge's conclusion that a passenger during a traffic stop is detained and therefore not free to leave. (Doc. 44, pp. 3-5.) In doing so, he asks this Court to find a distinction in Georgia cases between drivers and passengers such that drivers are prohibited from fleeing a traffic stop, while passengers are free to flee, at any moment, after the stop is initiated. (Id., pp. 4-5.) Such a finding would contradict Georgia case law giving police officers the ability to "take reasonable steps to make the scene safe for . . . investigation." State v. Allen, 779 S.E.2d 248, 257 (Ga. 2015) (quoting Rodriguez v. State, 761 S.E.2d 19, 28 (Ga. 2014)). For example, the Georgia Supreme Court has "[held] squarely that identification checks of both drivers and passengers are generally permitted as an officer safety measure during a traffic stop." Id. It has also noted that "courts throughout the country have held that an officer generally may reasonably inquire about the identifies of persons detained at the scene of a traffic stop and take reasonable steps to quickly verify their identities and to check their criminal histories and for warrants." Rodriguez, 761 S.E.2d at 28. Consistent with that authority, both Georgia and federal courts have found passengers to be detained during a traffic stop for purposes of the Fourth Amendment. State v. Williams, 590 S.E.2d 151, 153-54 (Ga. Ct. App. 2003); see also Brendlin v. California, 551 U.S. 249, 255-58 (2007) (considering passenger seized during a traffic stop). Green, as a passenger in a car lawfully stopped, was detained, at least so far as the officer was entitled to take the "reasonable steps" explained above. Rodriguez, 761 S.E.2d at 28. Despite being detained, he fled, hindering the officer's ability to lawfully discharge his official duties by

taking any of the safety measures permitted by law. Therefore, the officers had probable cause to arrest him for obstruction.

Green suggests that the Supreme Court's decision in Rodriguez v. United States, 575 U.S. 348 (2015) impacts the Court's analysis of Georgia cases decided pre-Rodriguez. Doc. 45 at 3, n. 11. He urges a finding that, once officers made contact with the driver, "the mission of the stop was complete" and therefore any further investigation of the fleeing passenger "would constitute an unlawful detention." Id. However, a review of Rodriguez, including the sentence quoted by Green, shows that officers during a traffic stop are authorized to both "address the traffic violation that warranted the stop" and "attend to related safety concerns." 575 U.S. at 354. For the reasons articulated above, the initiating officer was authorized to "take reasonable steps to make the scene safe for his investigation." Allen, 779 S.E.2d at 11. Consistent with that authority, the backup officers were authorized to chase Green when he fled before the initiating officer could take *any* reasonable steps to secure the scene. His immediate flight provided sufficient probable cause for the officers to arrest him for obstruction.

Relying on Heien v. North Carolina, 574 U.S. 54, 60-61 (2014), the Magistrate Judge also found that, "[e]ven if the passenger's flight from the traffic stop did not supply the requisite probable cause for the arrest for obstruction under Georgia law, the officers acted objectively reasonable in their belief that it did." (Doc. 44, p. 9.) Green objects, arguing that in Georgia, "the so-called good faith exception does not apply." (Doc. 45, p. 7.) Although this Court looks to Georgia law in deciding whether officers had probable cause to arrest Green for a violation of the state's obstruction statute, the state appellate court's decisions regarding application of Supreme Court precedent are not controlling in this Court. The Supreme Court and the Eleventh Circuit have both recognized that objectively reasonable mistakes of law are not Fourth

Amendment violative.  Hein, 574 U.S. at 68; United States v. McCullough, 851 F.3d 1194, 1201 (11th Cir. 2017).  This Court is bound by those precedents.  As the Report and Recommendation recognizes, "the officers' belief that Green was not free to unilaterally terminate his encounter with the police that evening, even if mistaken, was an 'objectively reasonable mistake of law.'"  (Doc. 44, p. 9-10 (quoting McCullough, 851 F.3d at 1201).)

For the foregoing reasons, the defendant's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as the opinion of the Court.  (Doc. 44.)  The defendant's Motion to Suppress is **DENIED**.  (Doc. 23).

**SO ORDERED**, this 28th day of July, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA